FALL 1809,          *D'ARGY, appellant, vs. GODEFROI, appellee.*
First District.

APPEAL from the Court of the parish of the city
An authentic   of New-Orleans.
or private wri-
ting, to be bind-
ing, must be sign-    THE action was brought to dispossess the ap-
ed.            pellant of a house and lot, on the Bayou road,
rented of the appellee. No particular agree-
ment, as it respects the term, for which the pre-
mises should be occupied, appeared in testimo-
ny, though the appellant produced the rough
draught of a lease in the handwriting of the appel-
lee, but signed by neither of the parties.

*Ellery* for appellee. According to the usage
in this city, when no agreement is made between
the landlord and tenant, the house is always con-
sidered as rented from month to month, and the
tenant liable to be turned out at the expiration of
every month. In the present case, there appears
to have been no agreement between the parties
respecting the period the house should be occu-
pied; the tenant at sufferance, however, pleased
with the situation of the premises, is willing gra-
tuitously to prolong his term for one year, and
though duly notified to quit, refuses to go out.

*D'Argy*, the appellant. A lease written by the
party himself, ought surely to be binding, though
not signed. No better testimony can be produc-
ed than the handwriting of the party; and by this
lease the premises are leased for one year,
of which but a few months have elapsed.—
Again. Suppose this lease void; and suppose the

usage in this city, as stated by the appellee's counsel, correct, that where no agreement is made between the landlord and tenant, the tenant holds only from month to month ; still the principle does not embrace the present case. This is not a house in town, but a house and garden of considerable extent on the Bayou road, upon which the tenant has expended considerable pains and expense, and of which he sanguinely calculated to reap the profits. It comes under the title of a prœdial estate, *un fonds rural, ou bien de campagne,* in which case, our Digest says, if no time has been specified, the lease is presumed to be for one year. *Chap.* 2, § 1, *art.* 12.

*Ellery* in reply. The rough draught of the lease produced, besides its erasures and interlineations, has neither been executed nor signed. That it has not, I think, is a proof, that the parties had not agreed upon the terms contained in it. It surely can have no weight. In the Digest which has been quoted, it is said, that the manner of proving the validity of a lease is agreeable to the rules laid down under the title of Contracts and Conventional Obligations in general. *Chap.* 2, § 1, *art.* 8. What are these rules? It is there said, a title, which is not an authentic title, may avail as a private writing, provided it has been signed by the parties, *Chap.* 6, § 1, *art.* 218. Their signature appears to be an essential requisite, and is again mentioned in *art.*

223. This rough draught of a lease, then, unsigned by the parties, can avail neither party. It affords, on the contrary, a presumption, from its being thus unsigned, that it was agreeable to neither party. But this house and lot is to be a prœdial estate, and, therefore, in default of any agreement, a year's lease in it, ought to be presumed. The principle is correct, as it regards a prœdial estate, but not, in the least, applicable to the present case. In prœdial estates, where no time is specified, the lease is presumed to be for one year, in order to give the farmer time to make and gather in this crop. And in his it resembles a tenancy at will, at common law; where, if the tenant, after sowing his land, is put out by the landlord, yet he shall have the emblements, and not be obstructed in cutting and carrying away the profits. But can this be made to apply to a small lot in the skirts of the town?

*By the Court*, Lewis, *J. alone.* Writings not signed, upon loose papers, which tend to oblige the person who has written them, such as a promissory note, an instrument of sale, &c.; although they are found in the hands of him towards whom the obligation was to be contracted, are no evidence however against the person who has written them, that the obligation has really been contracted, and they pass only for simple projects which have not been executed. 2 *Pothier* 196. Let the judgment of the City Court be affirmed.